**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | | |
|---|---|---|
| NEIL MONTGOMERY AND<br>STORMI MONTGOMERY,<br><br>Plaintiffs,<br><br>v.<br><br>DAVOL INC.; C.R. BARD, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: 3:07-cv-176-RV-EMT |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS**
**DAVOL, INC. AND C.R. BARD, INC.**

Defendants Davol Inc. and C.R. Bard, Inc. (collectively "Defendants"), by and through their counsel, answer Plaintiffs' Complaint as follows:

1. Paragraph 1 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore deny the same.

2. Defendant Davol Inc. ("Davol") admits that it is a subsidiary of Defendant C.R. Bard, Inc. ("Bard") organized under the laws of the State of Delaware with its principal place of business at 100 Sockanosset Crossroad, Cranston, Rhode Island. Davol further admits that it has a resident agent at CT Corporation System, 10 Weybosset St.,

Providence, Rhode Island. Answering further, Davol admits that its business is centered on the production of medical devices, hernia repair products such as the Composix® Kugel® Patch.

3. Bard admits that it is organized under the laws of the State of New Jersey and that Davol is its subsidiary. Bard denies that it participated in the manufacturing or distribution of the Composix® Kugel® Hernia Patch or that it manufactures or supplies Davol with materials in regard to the Composix® Kugel® Hernia Patch.

**JURISDICTION**

4. Defendants state that the allegations in Paragraph 4 are conclusions of law and no answer is required. To the extent an answer is required, Defendants admit that this Court has jurisdiction over this matter. Defendants deny each and every remaining allegation in Paragraph

5. Defendants state that the allegations in Paragraph 5 are conclusions of law and no answer is required. To the extent an answer is required, Defendants admit that this Court has jurisdiction over this matter. Defendants deny each and every remaining allegation in Paragraph

**FACTS**

6. The allegations in this paragraph are not directed to Bard and Bard therefore denies the same. Davol admits that it designed, distributed, and manufactured the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 6, Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

7. The allegations in this paragraph are not directed to Bard and Bard therefore denies the same. Davol admits that it designed, distributed, and manufactured the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 6 of the complaint, Davol does not know what is meant by "delivery" beyond the meaning of "distributed," which has been admitted, or Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegations. Davol accordingly denies the remaining allegations.

8. To the extent that the allegations in this paragraph are directed to Bard, it denies those allegations. Davol admits that it submitted a 510k Application on October 23, 2000. On January 22, 2001, the federal Food and Drug Administration approved Davol's Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

9. Paragraph 9 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and therefore deny the same.

10. Paragraph 10 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and therefore deny the same.

11. Paragraph 11 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required,

Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and therefore deny the same.

12. Defendants admit that the federal Food and Drug Administration categorizes a "Class I" recall as potentially life threatening or posing a potential for serious bodily harm.

13. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

14. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place due to a potential for PET recoil ring breaking. Davol further admits that it has received reports of ring migration, intestinal fistulae, bowel perforation, and death.

15. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval. As to the remaining allegations, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

16. Paragraph 16 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore deny the same.

17. Paragraph 17 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and therefore deny the same.

18. Paragraph 18 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and therefore deny the same.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

**COUNT I - Negligence**

23. In response to Paragraph 22 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

24. The allegations in Paragraph 24 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

25. The allegations in Paragraph 25 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

26. The allegations in Paragraph 26 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

27. The allegations in Paragraph 27 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

28. The allegations in Paragraph 28 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

29. The allegations in Paragraph 29 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

30. The allegations in Paragraph 30 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

31. The allegations in Paragraph 31 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

32. The allegations in Paragraph 32 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

33. The allegations in Paragraph 33 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

**COUNT II – Loss of Consortium**

34. In response to Paragraph 34 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

35. Paragraph 35 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and therefore deny the same.

36. The allegations in Paragraph 36 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

37. The allegations in Paragraph 37 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

**COUNT III – Strict Product Liability**

38. In response to Paragraph 38 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

39. The allegations in Paragraph 39 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

40. The allegations in Paragraph 40 and its subparts (i) through (x) are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

41. The allegations in Paragraph 41 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

**COUNT IV – Negligent Infliction of Emotional Distress**

42. In response to Paragraph 42 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

43. The allegations in Paragraph 43 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

44. The allegations in Paragraph 44 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

45. The allegations in Paragraph 45 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

46. The allegations in Paragraph 46 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

**COUNT V – Intentional Infliction of Emotional Distress**

47. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiffs' allegations if and when ordered by the Court.

48. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiffs' allegations if and when ordered by the Court.

49. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiffs' allegations if and when ordered by the Court.

50. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiffs' allegations if and when ordered by the Court.

51. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiffs' allegations if and when ordered by the Court.

**COUNT VI – Breach of Implied Warranty**

52. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiffs' allegations if and when ordered by the Court.

53. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiffs' allegations if and when ordered by the Court.

54. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiffs' allegations if and when ordered by the Court.

55. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiffs' allegations if and when ordered by the Court.

56. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiffs' allegations if and when ordered by the Court.

57. These allegations are subject to Defendants' Motion to Dismiss filed contemporaneously with this Answer. Defendants will answer Plaintiffs' allegations if and when ordered by the Court.

**COUNT VII – Failure to Warn**

58. In response to Paragraph 58 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

59. Davol admits that it designed, manufactured, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 59 of the complaint, Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegations. Davol accordingly denies the remaining allegations. Bard denies that it designed, manufactured or sold the Composix® Kugel® Hernia Patch.

60. The allegations in Paragraph 60 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

61. The allegations in Paragraph 61 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

62. The allegations in Paragraph 62 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations. As to the remaining allegations contained in Paragraph 62 of the complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations. Defendants accordingly deny the remaining allegations.

63. The allegations in Paragraph 63 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

64. The allegations in Paragraph 64 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

65. The allegations in Paragraph 65 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny those allegations.

## **SEPARATE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment K, bar plaintiff's claims against Defendants in whole or in part.

3. The doctrine(s) contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar plaintiff's claims against Defendants in whole or in part.

4. Applicable statutes of limitations and the doctrine of laches bar plaintiff's claims in whole or in part.

5. Plaintiff's, or her agents', including her physicians, misuse or abnormal use of the product or failure to follow instructions bar the plaintiff's claims in whole or in part.

6. If plaintiff used a product sold by Defendants, then plaintiff's claims are barred, in whole or in part, because plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

7. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

8. If plaintiff used a product sold by Defendants, plaintiff used the product for "off-label" purposes, which bars the plaintiff's claims.

9. The "learned intermediary" doctrine bars plaintiff's claims.

10. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

11. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

12. Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of the Composix® Kugel® Hernia Patch.

13. Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that

were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

14. If plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injury or damages.

15. Plaintiff's claims are barred, in whole or in part, because plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of plaintiff's own idiosyncratic reactions.

16. Plaintiff failed to mitigate, which limits plaintiff's damages, if any, in whole or in part.

17. Plaintiff's causes of action are barred in whole or in part by plaintiff's own contributory/comparative negligence.

18. Any potential award for plaintiff's damages or injuries, none being admitted, is reduced, in whole or part, by the tortious conduct of others not a party to this lawsuit.

19. Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff received from collateral sources.

20. If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Defendants product.

21. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that plaintiff may have suffered, if any.

22. To the extent plaintiff's Complaint seeks punitive damages, such claims are barred because such an award would violate Defendants' due process, equal protection and other rights under the United States Constitution, the Florida Constitution, and any other applicable law.

23. To the extent plaintiff's Complaint seeks punitive damages, such claims are barred because plaintiff has failed to allege conduct warranting the imposition of punitive damages under Fla. Stat. § 768.72 (2004) and/or other applicable laws.

24. To the extent plaintiff's Complaint seeks punitive damages, plaintiff is limited in the amount, if any, he may recover for punitive damages under Fla. Stat. § 768.73 (2004).

25. To the extent plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

26. Defendants hereby give notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendants C.R. Bard, Inc. and Davol Inc. demand judgment in their favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering defendants hereby demand a trial by jury as to all issues.

Date: June 19, 2007

Respectfully submitted,

/s/ John M. Kvartek
John M. Kvartek (FBN 044563)
Clark, Partington, Hart, Larry, Bond & Stackhouse
One Pensacola Plaza, Suite 800
125 West Romana Street
Pensacola, Florida 32502
(850) 434-9200

Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

Attorneys for defendants
C.R. BARD, INC. and DAVOL INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2007, a copy of the foregoing was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. Service of same has been made upon the following in the manner listed below:

R. Jason Richards
Neil Overholtz
Aylstock, Witkin, Kreis & Overholtz, PLLC
4400 Bayou Boulevard, Ste. 58A
Pensacola, Florida 32503

*via electronic notice and first-class mail*

/s/ John M. Kvartek
John M. Kvartek

A0246969